**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-470-FDW**

| | |
|---|---|
| CEDRIC HAMILTON, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| FAYE DANIELS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 Governing Section 2254 Proceedings.

## I. BACKGROUND

According to his habeas petition, Petitioner pled guilty on October 17, 2001, in Mecklenburg County Superior Court to one count of second degree murder (Count 1), and one count of robbery with a dangerous weapon (Count 2). The state court sentenced Petitioner to 160-203 months on Count 1, and a consecutive term of 64-86 months' imprisonment on Count 2. According to the website of the North Carolina Department of Public Safety, Petitioner's projected release date is March 23, 2019, and he is currently housed in the Pamlico Correctional Institution. (Doc. No. 1 at 1).

Petitioner did not file a direct appeal from his criminal judgment, and did not file any challenge to his judgment until on or about December 11, 2012, when he filed a motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court. On December 18, 2012,

the state court denied his MAR as being without merit and dispensed with an evidentiary hearing. (Doc. No. 1 at 60). Petitioner indicates that he did not file an appeal from the Court's order. Petitioner appears to contend that he filed a second MAR on February 1, 2013, and there has been no ruling on this second effort. (Id. at 6). Apparently, Petitioner, through his first MAR tried to have counsel appointed to assist him in presenting his claims for relief to the state court. On June 24, 2013, Petitioner was mailed a letter from J.A. Norwood, a judicial assistant in the Mecklenburg County Superior Court. The letter acknowledges receipt of Petitioner's MAR, and explains that the motion was denied and his remedies in superior court were therefore exhausted. (Doc. No. 1 at 63).

In his § 2254 petition, Petitioner alleges ineffective assistance of trial counsel contending that his right to due process was violated through counsel's misstatement of the law and failure to inform him that he had the right to a direct appeal. (Id. at 3).

## II. DISCUSSION

The Court first observes that Petitioner, by his own admission, did not seek review by the North Carolina Court of Appeals of the order of the superior court which denied his MAR. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) & (B).

The requirement of exhaustion can promote comity between the state and federal systems

only if state courts have a meaningful opportunity to oversee their own criminal proceedings. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthew v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). In sum, habeas review in federal court will be available to a petitioner only if he has provided the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In North Carolina, a petitioner exhausts his available state remedies by either filing a direct appeal following his conviction, which he did not do, or he may file a MAR in state court and if denied, the petitioner may file a petition for a writ of certiorari with the North Carolina Court of Appeals to review the order denying the MAR. Petitioner concedes that he did not file such a petition for review with the North Carolina Court of Appeals. See N.C. Gen. Stat. § 15A-1422 et seq. For the reasons stated herein, the Court finds that Petitioner has failed to fully exhaust his available state remedies. Accordingly, the Court will dismiss this habeas petition without prejudice to re-filing upon proper exhaustion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus, (Doc. No. 1), is **DISMISSED** as unexhausted;

2. Petitioner's motion for appointment of counsel is **DENIED** in the Court's discretion, (Doc. No. 2);

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

Signed: August 22, 2013

Frank D. Whitney
Chief United States District Judge